IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KEVIN CORDUA,

       Plaintiff,

  v.

NAVISTAR INTERNATIONAL TRANSPORTATION
CORP. and GULF STREAM COACH, INC.,

       Defendants.
_____/

No. C 10-04961 CW

ORDER DENYING
DEFENDANT GULF
STREAM COACH,
INC.'S MOTION TO
TRANSFER
(Docket No. 6)

    Pursuant to 28 U.S.C. § 1404(a), Defendant Gulf Stream Coach, Inc., moves to transfer Plaintiff Kevin Cordua's action to the South Bend Division of the Northern District of Indiana. Plaintiff opposes the motion. Defendant Navistar Inc., erroneously sued as Navistar International Transportation Corp., did not join or oppose Gulf Stream's motion. The motion is decided on the papers and the January 13, 2011 hearing is vacated. Having considered the papers submitted by the parties, the Court DENIES Gulf Stream's motion.

## BACKGROUND

    Plaintiff alleges that, on or about October 26, 2008, he purchased a 2008 Endura Max G6371HC, a motor home manufactured by Gulf Stream, an Indiana corporation, and Navistar. In his opposition, Plaintiff asserts that Navistar manufactured the engine and chassis and that Gulf Stream manufactured the coach. He avers that the vehicle has suffered from various defects requiring numerous repairs and claims that Defendants breached their express

and implied warranties.  He seeks relief under California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790, et seq.

Gulf Stream offered Plaintiff an express limited warranty.[1] Under the heading "Jurisdiction and Applicable Law," the warranty provided,

> Exclusive jurisdiction for any claims, demands or causes of action for defects . . . of any nature or damages due from such defects . . . shall be in the courts in the State of Manufacture.  The laws applicable to any litigation, dispute, mediation, arbitration or any claim whatsoever arising from the sale, purchase, or use of the recreational vehicle shall be those of the State of Manufacture.  The State of Manufacture of the recreational vehicle is Indiana.

Pullin Decl., Ex. A ¶ 7.  Above the signature block, the warranty stated in bold print,

> I/WE HEREBY ACKNOWLEDGE THAT I/WE HAVE READ AND RECEIVED THIS LIMITED WARRANTY PRIOR TO ENTERING INTO ANY CONTRACT TO PURCHASE MY/OUR GULF STREAM RECREATIONAL VEHICLE AND AGREE TO ABIDE BY ALL OF ITS TERMS AND PROVISIONS INCLUDING, BUT NOT LIMITED TO, THE DISCLAIMER OF ALL OTHER EXPRESS AND IMPLIED WARRANTIES, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, TO THE EXTENT APPLICABLE LAW ALLOWS, AND THE PROVISIONS HEREOF PROVIDING THAT THE EXCLUSIVE JURISDICTION FOR ANY CLAIMS WHATSOEVER SHALL BE IN THE COURTS IN THE STATE OF MANUFACTURE AND THAT THE APPLICABLE LAW SHALL BE THE LAW OF THE STATE OF MANUFACTURE.

Id. at 2 (upper case in original).  The warranty bears a signature, which Plaintiff does not deny is his.  Gulf Stream also asserts that Plaintiff executed a "Gulf Stream Recreational Vehicle

---

[1] The warranty apparently did not cover the portions of the motor home manufactured by Navistar.  See Pullin Decl., Ex. A ¶ 5 (stating that the warranty did not cover "automotive systems including, but not limited to, . . . the chassis and drive train and any part of that chassis included/supplied by the chassis manufacturer").

2

Registration Form," which indicates that he received a copy of the limited warranty. Pullin Decl., Ex. B.

Plaintiff filed his complaint in Alameda County Superior Court on September 28, 2010. On November 2, 2010, Gulf Stream, with Navistar's consent, removed Plaintiff's case to federal court.

## LEGAL STANDARD

Gulf Stream brings its motion pursuant to 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1404(a) accords a district court broad discretion with respect to transferring a case. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 31 (1988) (citing Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955)). In assessing whether to exercise its discretion to do so, a district court considers the following: (1) convenience of the parties; (2) convenience of the witnesses; and (3) the interest of justice. Id. The Ninth Circuit has identified numerous additional factors a court may consider in determining whether a change of venue should be granted pursuant to § 1404(a):

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

Jones v. GNC Franchising Inc., 211 F.3d 495, 498-99 (9th Cir. 2000). Although not dispositive, "the presence of a forum

3

selection clause is a 'significant factor'" in a court's analysis as to whether to transfer an action pursuant to § 1404(a). Id. at 499 (quoting Stewart Org., 487 U.S. at 29).

The burden is on the defendant to show that the convenience of parties and witnesses and the interests of justice require transfer to another district. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979). The Supreme Court has ruled that a § 1404(a) analysis should be an "individualized, case-by-case consideration of convenience and fairness." Van Dusen v. Barrack, 376 U.S. 612, 622 (1964).

## DISCUSSION

As an initial matter, Gulf Stream misapprehends which party carries the burden on a motion to transfer pursuant to § 1404(a). Citing The Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972), Gulf Stream argues that, unless Plaintiff demonstrates that the forum selection clause in the warranty is unenforceable, the Court must transfer this case in the interest of justice. This is not the law. As noted above, on a motion pursuant to § 1404(a), the defendant bears the burden of showing that a case should be transferred. See also Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986) (stating that, on a motion to transfer pursuant to § 1404(a), the "defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum"). The existence of a forum selection clause does not shift this burden to the plaintiff. In Stewart, the Supreme Court rejected the Eleventh Circuit's analysis of a motion to transfer, pursuant to § 1404(a), based on the standards set forth

4

in <u>Bremen</u>.[2]  487 U.S. at 28-29.  The Court held that § 1404(a) controls the analysis and that, under this statute, a district court must "weigh in the balance a number of case-specific factors."  <u>Id.</u>  Although a district court considers the presence of a forum selection clause, it "also must weigh in the balance the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to private concerns, come under the heading of 'the interest of justice.'"  <u>Id.</u> at 30.  "The forum-selection clause, which represents the parties' agreement as to the most proper forum, should receive neither dispositive consideration . . . nor no consideration . . . , but rather the consideration for which Congress provided in § 1404(a)."  <u>Id.</u> at 31.  The Court opined that a district court, based on its weighing of the § 1404(a) factors, could "refuse to transfer a case notwithstanding the counterweight of a forum-selection clause."  <u>Id.</u>  Against this legal backdrop, Gulf Stream does not establish that the interests of justice require transfer of this case.

    Gulf Stream argues, without any elaboration, that witnesses and documents relevant to this case are located in Indiana, its state of incorporation.  This does not constitute the strong showing sufficient to upset Plaintiff's choice of forum.  Gulf Stream also maintains that the forum selection clause warrants

---

[2] Gulf Stream cites <u>Jones</u>, which is not contrary.  There, the Ninth Circuit stated that, on a motion pursuant to 28 U.S.C. § 1406(a), <u>Bremen</u> controls whether a case should be dismissed for improper venue based upon a forum selection clause.  211 F.3d at 497.  Gulf Stream, however, has not moved to dismiss pursuant to § 1406(a).

5

transfer in the interest of justice. Plaintiff does not dispute that the warranty has a forum selection clause or that he was adequately informed of and assented to it. Although this carries significant weight, other factors militate against transfer.

The public policy of the forum state is as significant a factor as a forum selection clause in a § 1404(a) analysis.[3] Jones, 211 F.3d at 499. As noted above, Plaintiff's action arises under the Song-Beverly Consumer Warranty Act, commonly known as California's "automobile lemon law." Murillo v. Fleetwood Enters., Inc., 17 Cal. 4th 985, 990 (1998) (citation and internal quotation marks omitted). The Act "regulates warranty terms, imposes service and repair obligations on manufacturers, distributors, and retailers who make express warranties, requires disclosure of specified information in express warranties, and broadens a buyer's remedies to include costs, attorney's fees, and civil penalties" and gives "recourse to the buyer of a new automobile that suffers from the same defect repeatedly, or is out of service for cumulative repairs for an extended period." Id. at 989 (citations and internal quotation marks omitted). The Act is "strongly pro-consumer, expressly providing that waiver of its provisions by a buyer, 'except as expressly provided in this chapter, shall be deemed contrary to public policy and shall be unenforceable and void.'" Id. (quoting Cal. Civ. Code § 1790.1). Further, the Act "makes clear its pro-consumer remedies are in addition to those

---

[3] A state's public policy is also a consideration in considering whether to enforce a forum selection clause under Bremen. See 407 U.S. at 15; Jones, 211 F.3d at 497.

6

available to a consumer pursuant to" other California laws. Id. at 990. It is "manifestly a remedial measure, intended for the protection of the consumer" and "should be given a construction calculated to bring its benefits into action." Id. (citation and internal quotation marks omitted).

California's pro-consumer public policy with respect to the sale of motor vehicles weighs heavily against transfer. Requiring individual California retail consumers to litigate their Song-Beverly Consumer Warranty Act claims in an out-of-state forum would impede their ability to vindicate their statutory rights. Indeed, California state courts refuse to enforce forum selection clauses if doing so "would substantially diminish the rights of California residents in a way that violates [the] state's public policy." Am. Online, Inc. v. Superior Court, 90 Cal. App. 4th 1, 12 (2001). In America Online, the state appellate court refused to enforce a forum selection clause, in part because of the pro-consumer policies underlying California's Consumer Legal Remedies Act (CLRA), Cal. Civ. Code §§ 1750, et seq. In particular, the court noted that the CLRA contained an anti-waiver provision, which signaled the law's remedial purpose and importance in protecting consumers. 90 Cal. App. 4th at 14. Similarly, the Song-Beverly Consumer Warranty Act contains an anti-waiver provision and has been declared to be a remedial scheme intended to protect California consumers.

In addition, Plaintiff is an individual California citizen and Gulf Stream is a corporation. Gulf Stream does not dispute it would be more convenient for Plaintiff to litigate his claim in his

7

home state.  Although the relative financial ability of the parties is generally not entitled to great weight, it should be taken into account.  <u>Brackett v. Hilton Hotels Corp.</u>, 619 F. Supp. 2d 820, 820 (N.D. Cal. 2008).  This factor accordingly weighs against transfer.

Also, several material witnesses, such as Plaintiff and individuals who repaired the motor home, and physical evidence, such as the motor home itself, are presumably located in California.  The convenience of witnesses is often the most important factor in deciding whether to transfer an action pursuant to § 1404(a).  <u>Getz v. Boeing Co.</u>, 547 F. Supp. 2d 1080, 1083 (N.D. Cal. 2008).  Although Gulf Stream asserts that it would be inconvenient to produce witnesses and evidence in a California forum, it does not identify particular hardships it would face if required to litigate in this Court.  Thus, this factor also weighs against transfer.

Several other factors militate against transfer.  The warranty and sale documents were apparently executed at JC's RV's, a business located in Livermore, California.  <u>See</u> Pullin Decl. ¶¶ 9-11, Exs. A and B.  California courts are familiar with the Song-Beverly Consumer Warranty Act, and the state has an interest in the enforcement of its provisions. Additionally, Plaintiff and Gulf Stream both have contacts with California; in contrast, there is no indication that Plaintiff has had any contact with Indiana.  And most of the incidents related to Plaintiff's cause of action occurred in California: Plaintiff purchased the motor home and sought repairs for it in California.  Plaintiff chose to file his

8

suit in California, which has a strong public policy favoring the vindication of consumer rights.[4]

Gulf Stream points to <u>Rowsby v. Gulf Stream Coach, Inc.</u>, 2009 WL 1154130 (C.D. Cal.), in which the district court granted Gulf Stream's motion to transfer. However, that court's transfer order does not address claims under the Song-Beverly Consumer Warranty Act or the public policy underlying it, which weighs heavily in this case.[5] Gulf Stream also cites an unpublished decision in <u>Shapiro v. Gulf Stream Coach Inc.</u>, No. 5:09-cv-000789-VAP (C.D. Cal.). However, in that case, the court dismissed and transferred the case pursuant to 28 U.S.C. § 1406(a); here, Gulf Stream has moved pursuant to § 1404(a), which entails a different analysis. <u>See</u> <u>Jones</u>, 211 F.3d at 497-98 (distinguishing analyses under §§ 1406(a) and 1404(a)).

Gulf Stream has not met its burden to establish that the convenience of the parties and witnesses and the interest of justice justify transferring this case to the South Bend Division of the Northern District of Indiana. Notwithstanding the parties'

---

[4] Gulf Stream asserts that Plaintiff's choice of forum should be given less weight because he does not reside in the forum. However, Plaintiff apparently lives in Brentwood, California, which is located in Contra Costa County north of Livermore, where he allegedly purchased his motor home. Contra Costa County lies within this judicial district. 28 U.S.C. § 84(a).

[5] Although the plaintiff's complaint cited sections of the Song-Beverly Consumer Warranty Act, the complaint stated that the lawsuit was for violations of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, <u>et seq.</u> The plaintiff's opposition to Gulf Stream's motion to transfer reiterated this point. Thus, the <u>Rowsby</u> court did not consider California's public policy as part of its § 1404(a) balancing.

forum selection clause, other factors weigh against a discretionary transfer of Plaintiff's case.

CONCLUSION

For the foregoing reasons, Gulf Stream's motion to transfer venue pursuant to § 1404(a) is DENIED.  (Docket No. 6.)

Although they have appeared in this action, Defendants have not responded to Plaintiff's complaint.  Defendants shall do so with seven days of the date of this Order.

In violation of Civil L.R. 7-3(c), Gulf Stream filed its reply in support of its motion to transfer on January 6, 2011, seven days before the date this motion was to be heard.  Gulf Stream is admonished that, in the future, it must comply with this judicial district's local rules.

An initial case management conference is scheduled for February 15, 2011.

IT IS SO ORDERED.

Dated: January 7, 2011

CLAUDIA WILKEN
United States District Judge

10